UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| HAMID REZA ARDANEH,                      | ) |                              |
|                                          | ) |                              |
| Petitioner,                              | ) |                              |
|                                          | ) |                              |
| v.                                       | ) | Civil Action No. 17-12171-LTS |
|                                          | ) |                              |
| DANIEL CALIS, JR., Superintendent,       | ) |                              |
| Bridgewater State Hospital,              | ) |                              |
|                                          | ) |                              |
| Respondent.                              | ) |                              |

ORDER

December 29, 2017

SOROKIN, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

**I.     Background**

On October 16, 2017, the Clerk received various documents from Hamid Reza Ardaneh, a state pretrial detainee confined at Bridgewater State Hospital.  See Commonwealth v. Ardaneh, Crim. No. 1681CR00418 (Middlesex Superior Ct.).  These documents include, inter alia, a complaint to the Commonwealth's Commission on Judicial Conduct, hand-written motions dated in July and August 2017 that he prepared for his criminal case, a letter to the United States Department of Justice, and a letter to President Donald Trump.  Although Ardaneh did not make a specific request for relief from this Court, in his papers he argues that being at Bridgewater State Hospital is a form of "torture" and that the charges against him are not supported by the

evidence. The Clerk docketed these papers as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]

**II.    Discussion**

Whether Ardaneh's papers are construed as a petition for a writ of habeas corpus, a civil rights claim, or other pleading, the Court abstains from exercising jurisdiction over the action.

"[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Congress has long expressed its policy that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." Id. at 16. This policy against "federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Id. (quoting Younger, 401 U.S. at 44). Under the principles of Younger abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). The principles of comity and abstention also apply to habeas proceedings. With few exceptions not relevant here, "the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." In re Justices, 218 F.3d 11, 18 (footnote omitted).

---

[1] See Gonzalez v. Justices of Mun. Ct. of Boston, 382 F.3d 1, 6 (1st Cir. 2004), rev'd on other grounds, 544 U.S. 918 (2005) (holding that jurisdiction over habeas petition brought by state pretrial detainee was "properly premised on 28 U.S.C. § 2241").

2

Here, the Court would "needlessly inject" itself in a pending state criminal proceeding if it were to address the merits of Ardaneh's arguments that his confinement at Bridgewater State Hospital and the pending criminal prosecution against him are unlawful. The Court has no reason to believe that Ardaneh will not have an opportunity to raise all pertinent issues within the state court system.

**III.　Conclusion**

Accordingly, this action is DISMISSED WITHOUT PREJUDICE on grounds of <u>Younger</u> abstention. The Clerk shall send a copy of this order to Ardaneh and to his counsel of record in the pending state criminal prosecution.[2]

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Leo T. Sorokin　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] On December 27, 2017, a deputy clerk of this Court called the Middlesex Superior Court and was informed that Ardaneh's counsel is Daniel Flaherty, Esq., 2464 Massachusetts Ave., Unit 315C, Cambridge, MA 02140.